**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHELLE J. BOND,

          Plaintiff - Appellant,

  v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

          Defendant - Appellee.

No. 14-15921

D.C. No. 2:13-cv-00127-EFB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Edmund F. Brennan, Magistrate Judge, Presiding

Argued and Submitted April 13, 2016
San Francisco, California

Before: THOMAS, Chief Judge and REINHARDT and CHRISTEN, Circuit
Judges.

     Michelle Bond appeals the district court's summary judgment order

upholding the Commissioner of Social Security's denial of Supplemental Security

Income under Title XVI of the Social Security Act.  We review the district court's

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

order upholding the denial of benefits *de novo*, and may only set aside the denial of benefits if it is not supported by substantial evidence. *See Greger v. Barnhart*, 464 F.3d 968, 971–72 (9th Cir. 2006). We have jurisdiction pursuant to 28 U.S.C. § 1291 and reverse and remand.

I

The administrative law judge ("ALJ") failed to provide a specific and legitimate reason supported by substantial evidence for giving "little weight" to part of examining physician Azevedo's opinion. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (requiring the ALJ to provide "specific and legitimate reasons" for rejecting a contradicted examining physician's opinion). Dr. Azevedo's opinion was supported by clinical tests and his own observations, not solely based on Bond's discredited self-reported symptoms. *See Ryan v. Comm'r Soc. Sec.*, 528 F.3d 1194, 1199–1200 (9th Cir. 2008) (concluding that an ALJ improperly rejected "an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor . . . supports his ultimate opinion with his own observations"); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as

2

incredible." (citing *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)).

II

The ALJ also failed to provide a specific and legitimate reason supported by substantial evidence for giving "little weight" to examining physician Colon's opinion. Dr. Colon opined that Bond could lift and carry "[l]ess than 10 pounds both occasionally and frequently . . . secondary to a history of seizures and dizziness for safety purposes" and that she could not "work at heights" or with "heavy machinery, extreme temperatures, chemicals, dust, fumes, gases, or excessive noise for safety secondary to seizures and constant migraines and dizziness." The sole reason the ALJ gave for discounting Dr. Colon's opinion was that it was inconsistent with Dr. Colon's "benign" examination findings. Dr. Colon's opinion is not inconsistent with these findings, however, because it is clear from the context that his opinion is that Bond has the *physical capability* to lift more than ten pounds or work at heights but should not do so because of *the risk that she could have a seizure under those circumstances*. This conclusion is entirely consistent with Dr. Colon's examination observations that describe Bond as physically able.

## III

If credited, Dr. Azevedo's opinion alone would have compelled a finding of disability. However, given the conflicting evidence in the record, we remand to the district court with instructions to remand this case to the ALJ for reconsideration, including any further proceedings not inconsistent with this disposition that may be deemed appropriate. *See Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014).

**REVERSED AND REMANDED.**